# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s)**: 15-4003

**Motion for:** Order holding appeal in abeyance pending outcome of two prior appeals on similar issues

**Caption [use short title]**

Gilberto Franco, On behalf of himself and all others similarly situated,
Plaintiff-Appellant,
v.
Allied Interstate LLC, FKA Allied Interstate, Inc.,
Defendant-Appellee

Set forth below precise, complete statement of relief sought:

Appellee respectfully requests that this appeal, including the briefing schedule, be held in abeyance until this Court decides Geismann v. ZocDoc, Inc., (No. 14-3708) and Lary v. Rexall Sundown, Inc., Case No. 15-601 (which was already stayed pending a decision in Geismann), appeals pending before the Second Circuit with with substantially similar facts and overlapping legal issues.

**MOVING PARTY:** Allied Interstate LLC, FKA Allied Interstate, Inc.
☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**OPPOSING PARTY:** Gilberto Franco

**MOVING ATTORNEY:** Casey D. Laffey

**OPPOSING ATTORNEY:** Andrew T. Thomasson

[name of attorney, with firm, address, phone number and e-mail]

Reed Smith LLP
599 Lexington Ave., New York, NY 10022
212-549-0389; claffey@reedsmith.com

STERN THOMASSON LLC
150 Morris Avenue; Suite 30, Springfield, NJ 07081
973-379-7500; Andrew@sternthomasson.com

**Court-Judge/Agency appealed from:** Southern District of New York, Judge Forrest

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this Court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes  ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Casey D. Laffey  **Date:** 2/26/2016  **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| Gilberto Franco, On behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff-Appellant, | ) Dkt. No. 15-4003 <br> ) |
| v. | )<br>) |
| Allied Interstate LLC, FKA Allied Interstate, Inc., | )<br>)<br>) |
| Defendant-Appellee, | )<br>) |

## MOTION TO HOLD INSTANT APPEAL IN ABEYANCE
## PENDING OUTCOME OF PRIOR APPEALS ON SIMILAR ISSUES

Defendant-Appellee Allied Interstate LLC, FKA Allied Interstate, Inc. ("Defendant") hereby moves this Court to hold the instant appeal in abeyance until this Court renders its decisions in two prior and related appeals pending before the Court captioned, *Geismann v. ZocDoc, Inc.*, Case No. 14-3708 and *Lary v. Rexall Sundown, Inc.*, Case No. 15-601. Both *Geismann* and *Lary* are earlier filed and fully briefed appeals with the same legal issues as the present appeal and which will likely bind the outcome of the instant appeal. In fact, in his Form C filing for this appeal, Plaintiff identified the *Geismann* appeal as involving "substantially similar" issues as the instant appeal. (ECF No. 25 at 2.)

Moreover, by Order dated December 16, 2015, this Court held the *Lary* appeal in abeyance pending the outcome of the *Geismann* appeal, based on the similarity of issues in the two cases and because the prior appeal in *Geismann* must be adjudicated first. (Case No. 15-601, ECF. No. 96, Supporting Declaration of Casey D. Laffey, Esq. ("Laffey Dec."), ¶2, Exhibit 1). Respectfully, the same result should follow here and this Court should hold this appeal in abeyance pending the outcome of *Geismann* and *Lary*, two prior appeals addressing the same issues.

**STATEMENT OF FACTS**

I. **The Present Appeal**

This case arises out of a collection letter that Defendant sent to Plaintiff-Appellant ("Plaintiff") on or about March 22, 2013. Plaintiff filed this putative class action in the District Court for the Southern District of New York on June 13, 2013 alleging solely that Defendant's letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). On September 10, 2013, Defendant served a Rule 68 offer of judgment on Plaintiff, in the amount exceeding the maximum statutory recovery under the FDCPA and in full satisfaction of Plaintiff's individual claims against Defendant ("Offer of

Judgment") (Dkt. 65-2)[1]. Plaintiff did not accept the Offer of Judgment, which expired after fourteen (14) days, per its terms, on September 24, 2013.

On January 24, 2014, Defendant moved to dismiss the complaint (Dkt. 64) and on April 2, 2014, the District Court issued an order dismissing the complaint with prejudice for lack of subject matter jurisdiction and denying Plaintiff's pending motion for class certification, finding that in the absence of a live claim against Defendant, Plaintiff could not adequately represent the putative class. (Dkt. 78).

On April 28, 2014, Plaintiff filed a Notice of Appeal, initiating an appeal in this Court, under Case No. 14-1464. (Dkt. 80). Following oral argument, this Court vacated the April 2, 2014 order and remanded the case to the District Court for further proceedings. (Dkt. 81, 88) In its May 18, 2015 Summary Order, this Court held that "Franco's individual claim was not mooted by defendant's Rule 68 offer, which did not result in the entry of any judgment against the defendant." (Dkt. 88). This Court did not address "whether, had his claims been moot, the class action also would have been moot." (Dkt. 88).

On May 18, 2015, consistent with this Court's Summary Order and prior decisions of this Court, Defendant filed a Motion for the Entry of Judgment for

---

[1] In the absence of a Joint Appendix for the present appeal, the references to the District Court docket will be cited as "Dkt.___."

Plaintiff, individually, pursuant to the terms of the Offer of Judgment. (Dkt. 88) Defendant argued that, after entering judgment against it, Plaintiff's claims would no longer present a claim or controversy for the District Court to adjudicate, thereby depriving it of subject matter jurisdiction over Plaintiff's individual and putative class claims. (Dkt. 82).

On November 30, 2015, the Hon. Katherine B. Forrest, U.S.D.J., granted Defendant's motion and entered judgment in Plaintiff's favor. (Dkt. 101) Because this "entry of judgment moot[ed] plaintiff's individual claim," Judge Forrest found that "[t]here is therefore no longer any named plaintiff with an interest in the litigation to proceed with a claim on behalf of a class. Plaintiff Franco cannot nominally continue in some capacity as class representative as he would definitionally be atypical and not an adequate representative." (Dkt. 101) The District Court directed that Defendant render payment to Plaintiff within thirty days, and terminated the action, permitting the parties to confer and move as to the attorneys' fees only. (Dkt. 101) Defendant promptly delivered payment to Plaintiff's counsel, which Plaintiff's counsel rejected and commenced the instant appeal.

## II. The Related Appeals Pending Before This Court in *Geismann* and *Lary*

In his Form C filing for this appeal, Plaintiff identified the *Geismann v. ZocDoc, Inc.* matter, pending before this Court (No. 14-3708), as involving

"substantially similar" issues. (ECF No. 25 at 2.) *Geismann* is an appeal from the United States District Court for the Southern District of New York in which plaintiff purported to represent a class of recipients of faxes in violation of the TCPA. (Case No. 14-3708, ECF No. 41 at 72-77.) In *Geismann,* the defendant issued an unaccepted offer of judgment on plaintiff's individual claims that "more than satisfie[d] any recovery [plaintiff] could make under the applicable statute[,]" and defendant subsequently moved for an entry of judgment and dismissal of the class claims. (Case No. 14-3708, ECF No. 41 at 73.) On September 26, 2014, the Hon. Louis L. Stanton, U.S.D.J., granted the motion, entered judgment in plaintiff's favor, and dismissed the putative class claims. (Case No. 14-3708, ECF No. 41 at 72-77.) Plaintiff appealed and this Court heard oral argument on June 5, 2015. The decision is currently pending.

Another matter with similarly overlapping issues pending before this Court is *Lary v. Rexall Sundown, Inc.,et al.*, Case No. 15-601. *Lary* is an appeal from the United States District Court for the Eastern District of New York in which plaintiff likewise purported to represent a class of recipients of faxes in violation of the TCPA. (Case No. 15-601, ECF No. 42 at 84-99.) In *Lary,* the defendant issued an offer of judgment on plaintiff's individual claims to which Plaintiff did not respond. (Case No. 15-601, ECF No. 42 at 288-89, 209.) Defendant then made a motion for the entry of judgment in plaintiff's favor in accordance with the terms

of the unaccepted offer of judgment and for dismissal for lack of subject matter jurisdiction. (Case No. 15-601, ECF No. 42 at 267.) On February 10, 2015, the Hon. Sandra J. Feuerstein, U.S.D.J., granted the motion and entered judgment in plaintiff's favor. (Case No. 15-601, ECF No. 42 at 264-92.) Because the judgment more than made plaintiff whole and he therefore "[had] no continuing interest in the lawsuit," Judge Feuerstein also dismissed the putative class claims. (Case No. 15-601, ECF No. 42 at 288, 292.) Plaintiff appealed and this Court heard oral argument on December 10, 2015. During oral argument, Justice Pooler inquired why the *Lary* case had not been stayed pending the decision in *Geismann*, clearly recognizing the similarities between the cases and the importance of consistency and preservation of this Court's resources.

Subsequently, by Order dated December 16, 2015, this Court held the *Lary* appeal in abeyance pending the Court's decision in *Geismann*, as well as the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). (Case No. 15-601, ECF. No. 96; Laffey Dec., Ex. 1) .

The decision in the *Lary* appeal is currently pending.

# ARGUMENT

# THE PRESENT APPEAL SHOULD BE STAYED

## I. This Appeal Will Address the Same Issues Before the Court in *Geismann* and *Lary*

Plaintiff's opening brief and joint appendix in the present matter are currently due on March 15, 2016. (ECF No. 33.) This appeal and the earlier-filed *Geismann* and *Lary* appeals involve substantially similar questions of law; i.e., whether, after the entry of judgment for full relief to the named plaintiff, the District Court properly dismissed the claims of the putative class because a live Article III case or controversy no longer existed.

Three related reasons support holding the present appeal in abeyance:

First, an abeyance would allow the panel that is assigned to the present appeal the opportunity to consider the effect of the decisions in both *Geismann* and *Lary*.

Second, it would spare the parties the burden and expense of having to brief this appeal anew (or submit supplemental briefing) if the *Geismann* and *Lary* decision is issued after the Plaintiff's current briefing deadline, or the Defendant's deadline within 91 days. *See Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it").

Third, such an abeyance would save the parties the burden of presenting questions this Court is already positioned to address. Instead, holding the instant appeal in abeyance would allow the parties to brief the issues in the present appeal bearing in mind the effect of the *Geismann* and *Lary* decisions on those issues.

This Court has repeatedly held appeals in abeyance where, as here, another pending appeal was closer to a decision and could significantly inform the merits of the issues presented. *See, e.g.*, Order, *Pedersen v. Office of Prof'l Mgmt.*, Nos. 12-3273 & 12-3872 (2d Cir. May 16, 2013) (granting motion to hold appeal in abeyance pending Supreme Court's decision where a stay would allow the parties to provide this Court with "briefing that takes into account the Supreme Court's opinion"); Order, *United States v. Miller*, No. 05-1203 (2d Cir. Aug. 15, 2005) (holding appeal in abeyance pending this Court's issuance of decisions in two related cases); Order, *In re Herald, Primeo & Thema Funds Sec. Litig.*, No. 12-184-cv (2d Cir. Apr. 6, 2012) (granting appellants' motion in consolidated appeal to hold briefing in abeyance pending decision in lead appeal with related issues).

In fact, as noted above, this Court already held the *Lary* appeal in abeyance pending this Court's decision in *Geismann*. (Case No. 15-601, ECF. No. 96; Laffey Dec., Ex. 1). As this appeal involves the same class action mootness issues being adjudicated in *Geismann* and *Lary*, the same outcome should follow here.

8

## II. The *Campbell* and *Tanasi* Decisions Are Not Dispositive

Pursuant to Local Rule 27.1, on January 6, 2016, Defendant conferred with Plaintiff's counsel who indicated that Plaintiff intends to oppose this motion. (Laffey Dec., at ¶ 3) Defendant anticipates Plaintiff will argue that this Court's recent decision in *Tanasi v. New Alliance Bank,* 786 F.3d 195 (2d Cir. 2015) and the United States Supreme Court's decision in *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016) mandate reversal of the District Court's decision. However, both *Geismann* and *Lary* are distinguishable from *Campbell* and *Tanasi* and present a different question for this Court.

In *Tanasi*, the District Court denied the defendant's motion to dismiss in part because the plaintiff's putative class action claims remained viable even though plaintiff's individual claims were rendered moot by an unaccepted offer of judgment. 786 F.3d at 197. This Court affirmed denial of the motion to dismiss, but on an alternative ground, specifically because the District Court *had not entered judgment* against the defendants, so the named plaintiff's case remained viable. *Id.* As a result, *Tanasi* did not reach the question of whether putative class action claims provide an independent basis for an Article III case or controversy, where, as here, judgment had been entered in plaintiff's favor.

Thereafter, the *Campbell* decision held only that an unaccepted offer of complete relief does not in and of itself deprive a district court of Article III

jurisdiction. 136 S. Ct. at 665. This conclusion was previously reached in *Tanasi* and is inapposite to the facts in *Geismann*, *Lary* and the present appeal, where judgment *was* entered in plaintiffs' favor. *Campbell* also left undisturbed this Court's precedent that when a plaintiff refuses a defendant's offer of complete relief, the "proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) *citing McCauley v. Trans Union*, LLC, 402 F.3d 340, 342 (2d Cir. 2005). This has already occurred in *Geismann*, *Lary* and the present case, however, the effect of the entry of judgment on the mootness and class issues remains to be decided by this Court.

## **CONCLUSION**

Unlike in *Tanasi*, in *Geismann* and *Lary*, as in the present appeal, the District Court entered a judgment in favor of plaintiff. It is beyond dispute that the *Geismann* and *Lary* appeals – both of which have been argued and are ripe for a decision – present a substantially similar legal issue that will bear on the present appeal's outcome. Holding the present appeal, including the briefing, in abeyance until this Court rules in *Geismann* and *Lary* will best serve the interests of judicial economy and justice and will not prejudice any party.

10

**WHEREFORE**, Defendant respectfully requests that the present appeal, including the briefing schedule, be held in abeyance pending this Court's decision in *Geismann v. ZocDoc, Inc.*, No. 14-3708 and *Lary v. Rexall Sundown, Inc., et al.*, Case No. 15-601.

Dated: February 26, 2016

*/s/ Casey D. Laffey, Esq.*
Casey D. Laffey
REED SMITH LLP
599 Lexington Ave
New York, NY 10022
Telephone: (212) 549-0389
Fax.: (212) 521-5450
E-Mail: claffey@reedsmith.com

*Attorneys for Appellee Allied Interstate LLC, FKA Allied Interstate, Inc.*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| Gilberto Franco, On behalf of himself and all others similarly situated, | ) ) ) ) ) |
| Plaintiff-Appellant, | ) ) |
| v. | ) ) |
| Allied Interstate LLC, FKA Allied Interstate, Inc., | ) ) ) ) |
| Defendant-Appellee, | ) ) |
| _____ | ) |

Dkt. No. 15-4003

**DECLARATION OF CASEY D. LAFFEY
IN SUPPORT OF DEFENDANT-APPELLEE'S MOTION
TO HOLD INSTANT APPEAL IN ABEYANCE PENDING
THE OUTCOME OF PRIOR APPEALS ON SIMILAR ISSUES**

Casey D. Laffey hereby declares the following pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm Reed Smith LLP, counsel for Defendant-Appellee Allied Interstate LLC, FKA Allied Interstate, Inc. ("Defendant"). I have personal knowledge of the facts set forth below and submit this Declaration in support of Defendant's motion to hold the instant appeal in abeyance pending the outcome of two prior appeals addressing similar issues.

2. Annexed hereto as **Exhibit 1** is a true and correct copy of this Court's December 16, 2015 Order holding the decision in *Lary v. Rexall Sundown, Inc.* in abeyance pending a decision in *Geismann v. ZocDoc, Inc.* (Case No. 15-601, ECF No. 96). As set forth in the accompanying Motion, the instant appeal and the appeals in *Geismann* and *Lary* will all address the same class action mootness issues.

3. As required by Local Rule 27.1, on December 22, 2015, January 2, 2016 and January 6, 2016, I conferred with Plaintiff's counsel and asked whether Plaintiff's counsel would consent to the instant motion. I also noted that Plaintiff, in his Form C filing for this appeal, identified the *Geismann* appeal as involving "substantially similar" issues as the instant appeal. (ECF No. 25 at 2.) On January 6, 2016, Plaintiff's counsel stated that he would not agree to a stay of this appeal. No reason was provided by Plaintiff's counsel for Plaintiff's position.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on: February 26, 2016

                                                 */s/ Casey D. Laffey*
                                                    Casey D. Laffey

E.D.N.Y.
13-cv-5769
Feuerstein, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

John H. Lary, Jr., individually and as the representative of a class of similarly situated persons,

*Plaintiff-Appellant*,

v.

Rexall Sundown, Inc., NBTY, Inc., Rexall Sundown, LLC, Rexall US Delaware, Inc., John Does 1–10, Rexall Inc., Rexall Sundown 3001, LLC, Corporate Mailings, Inc., d/b/a CCG Marketing Solutions, and United States Nutrition, Inc.,

*Defendants-Appellees*.*

**ORDER**
No. 15-601

On December 10, 2015, this Court heard argument in the captioned case, during which argument counsel for both plaintiff-appellant and defendants-appellees indicated that they would not be opposed to the entry of an order holding the instant appeal in abeyance pending the decision of the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015), and the decision of this Court in *Geismann v. ZocDoc, Inc.* (No. 14-3708).

Accordingly, IT IS HEREBY ORDERED that the instant appeal shall be held in abeyance pending the decisions in *Gomez* and *ZocDoc*. Additionally, within 21 days of each decision, the parties shall submit supplemental briefs of no more than 15 double-spaced pages in length discussing its relevance to the case before the Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

* The Clerk of Court is directed to amend the caption of this appeal as indicated above.