# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

GILBERTO FRANCO, on behalf of himself and all others similarly situated,

    Plaintiff-Appellant,

vs.

ALLIED INTERSTATE LLC, FKA ALLIED INTERSTATE, INC.,

    Defendant-Appellee.

No. 15-4003

## APPELLANT'S RESPONSE TO APPELLEE'S MOTION
## TO HOLD INSTANT APPEAL IN ABEYANCE

This case presents the question whether, in a case brought on behalf of a class, a district court may enter judgment solely for the would-be class representative, over his objections, before considering class certification, and then dismiss the class action as moot. On November 30, 2015, the district court granted defendant-appellee Allied Interstate's motion to enter judgment for would-be class representative Gilberto Franco on his individual claim, entered a final judgment for Mr. Franco on his individual claim in accordance with the terms of an unaccepted offer of judgment, and terminated the action, without first considering whether class certification was warranted. On December 13, 2015, Mr. Franco filed his notice of appeal. Mr. Franco's opening brief is currently due on March 15, 2016.

On February 26, 2015, Allied Interstate filed a motion to hold this appeal in abeyance pending the Court's decisions in *Geismann v. ZocDoc, Inc.*, Case No. 14-3708, and *Lary v. Rexall Sundown, Inc.*, Case No. 15-601. In those cases, the district courts held that unaccepted offers of judgment to named plaintiffs on their individual claims rendered the individual claims moot, entered judgment in the named plaintiffs' favor on their individual claims, and dismissed the cases for lack of subject-matter jurisdiction.

The Court heard argument in *Geismann* on June 5, 2015, and in *Lary* on December 10, 2015. At argument in *Lary*, counsel for the parties indicated they would not oppose holding their case in abeyance pending the decision in *Geismann* and the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). On December 16, 2015, the Court ordered *Lary* held in abeyance pending those decisions.

On January 20, 2016, the Supreme Court issued its decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). The Supreme Court held that an unaccepted offer of judgment "has no force" and "does not moot a plaintiff's case." *Id*. at 666, 672. In addition, the Court made clear that, when a named plaintiff has a live claim, the court should not resolve that claim without providing the plaintiff the chance to show that the case should proceed on behalf of a class. *Id.* After holding that an unaccepted offer did not moot a named plaintiff's individual claim, the

Supreme Court explained that because the "individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class." *Id*. "While a class lacks independent status until certified, ... a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.* (citation omitted).

On February 1 and 10, 2016, the parties in *Geismann* and *Lary*, respectively, filed supplemental briefs about *Campbell-Ewald*.

Although the parties in *Geismann* and *Lary* have filed supplemental briefs, as far as we are aware, this case will be the first case concerning the effect of an unaccepted offer of judgment in a not-yet-certified class action in which the parties will be able to address *Campbell-Ewald* in their principal briefs to this Court. We believe that full briefing on *Campbell-Ewald*'s holding that unaccepted offers of judgment "ha[ve] no force," and its instructions that would-be class representatives with live claims "must be accorded a fair opportunity to show that certification is warranted," 136 S. Ct. at 666, 672, may be helpful to the Court.

However, we recognize that given the timing of the cases, the Court may wish to wait for decisions in *Geismann* and *Lary* before briefs are filed in this case. If the Court chooses to grant Allied Interstate's motion and hold this appeal in abeyance pending the decisions in *Geismann* and *Lary*, we respectfully request that it do so

before Mr. Franco's opening brief is due so Mr. Franco will be able to address the decisions in those cases in that brief. In addition, we request that, if the Court grants the motion, it grant Mr. Franco at least 30 days after the case is taken out of abeyance to file his opening brief.

## CONCLUSION

If the Court grants Allied Interstate's motion, it should do so before Mr. Franco's opening brief is due and it should grant Mr. Franco at least 30 days after the case is taken out of abeyance to file his opening brief.

DATE: February 29, 2016

                                           Respectfully submitted,

*s/ Andrew T. Thomasson*
Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
Telephone: (973) 379-7500
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com

*Attorneys for Plaintiff-Appellant,
Gilberto Franco*

## **CERTIFICATE OF SERVICE**

      I, Andrew T. Thomasson, hereby affirm under the penalties of perjury that on February 29, 2016, I served the within documents and all supporting papers on the Clerk of this Court using this Court's CM/ECF system. I also certify that the foregoing documents are being served this day on all counsel of record and Parties to this action in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who have not yet appeared or are otherwise not authorized to receive electronic Notices of Electronic Filing.

                                            *s/ Andrew T. Thomasson*
                                              Andrew T. Thomasson